Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **JESSICA MURCH,** individually and on behalf of all others similarly situated, | Case No. 3:25-cv-334 |
| *Plaintiff,* | CLASS ACTION COMPLAINT TCPA (47 U.S.C. § 227) DEMAND FOR JURY TRIAL |
| *v.* | |
| **BLUE PACIFIC RE INC.** | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jessica Murch ("Plaintiff" or "Ms. Murch") brings this Class Action Complaint and Demand for Jury Trial against Defendant Blue Pacific Re Inc. and alleges as follows:

1.     Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

Complaint                                          1

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Blue Pacific violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

## PARTIES

4.      Plaintiff Jessica Murch is an individual residing in Clackamas County.

5.    Defendant Blue Pacific Re Inc. is a Washington corporation with its headquarters and principal place of business in Washington.

## JURISDICTION AND VENUE

6.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7.    This Court has specific personal jurisdiction over Defendant because it directed its illegal conduct to Oregon residents, including Oregon residents with 503- area codes, like Plaintiff.

8.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the conduct alleged herein–the receipt of illegal telemarketing calls–was received in this District.

## BACKGROUND

**A.    The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

9.    The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

10.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11.    A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## **FACTUAL ALLEGATIONS**

13.     The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14.     At no point did the Plaintiff consent to receiving telemarketing calls from the Defendant prior to receiving the automated calls at issue.

15.     Plaintiff's telephone number, (503) XXX-XXXX, is a residential, non-commercial telephone number.

16.     Ms. Murch uses the number for personal, residential, and household reasons.

17.     Ms. Murch does not use the number for business reasons or business use.

18.     The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

19.     Plaintiff's telephone number has been listed on the National Do Not Call Registry more than 31 days prior to the calls at issue.

20.     Plaintiff has never been a customer of Blue Pacific and never consented to receive calls or text messages from Blue Pacific.

21.     Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

22.     Despite that fact, on January 9, 2025, the Plaintiff received a missed call from the phone number 206-650-9419. This was followed almost immediately by three text messages from the same number. The messages read:

> Hi Cathy. This is Kelly Byrne, Designated Broker & owner - Blue Pacific
> RE. Following up with you regarding 149 NE 57th St. Would it be possible
> for me t

[New Message]

`o Tour the house this week? Do you have a contractor box on property for`

`access. I have a Buyer client that would be very interested. Thank you,`

`Kelly By`

[New Message]

`rne Blue Pacific RE`

23.    The text messages and call were plainly sought to encourage the Plaintiff to list a house for sale with the Defendant, who are real estate agents.

24.    Contrary to the message text, however, the Plaintiff does not own the subject property, and did not request the Defendant's services.

25.    Defendant called again on January 10, 2025 from the same number, but the call was again missed.

26.    Thereafter, the Defendant called on January 13, 2025 from the same number. The caller was Kelly Byrne with Defendant Blue Pacific Real Estate looking to see if the Plaintiff was interested in selling a property on Green Lake Way in Seattle.

27.    Because of the confusing nature of the call, the person that answered the call stated that they were in the shower and tried to get the caller off the phone.

28.    Shortly thereafter, the Plaintiff received two text messages from the same 206-650-9419 number. The messages read:

`Hi Steve. Give me a call back when available. I would like to go Tour`

`your property at 149 NE 57th St with my Buyer client. Can you also`

`please confirm y`

[New Message]

`our Asking Price if possible? Thank you, Kelly Byrne Blue Pacific RE`

29.    The Plaintiff then received another call that same day from the same caller ID. The Plaintiff answered and again spoke to Kelly, who was calling to want to tour the Plaintiff's home. Taken aback by the aggressive and seemingly out of place nature of the call, where Kelly

Complaint                                    5

stated that he was at the Plaintiff's house, the Plaintiff said that she would have someone else call Kelly back.

30.    Shortly after this call, the Plaintiff received a text message from the Defendant. The message read:

> Hi there. We would like to make you an Offer on 149 NE 57th St. My client is ready for his next Purchase. Thank you Kelly Byrne Blue Pacific RE

31.    The Plaintiff did not call or text the Defendant back. Despite this, the Defendant placed at least two more calls, on January 14 and 17, 2025, and sent another text message on January 17, 2025 stating:

> Hi Steve. Would like to Tour 149 NE 57th St and then get you an Offer. Hiw do I access the home? Thanks Kelly Byrne Blue Pacific RE

32.    In total, the Plaintiff received six calls and seven text messages from the Defendant.

33.    The aforementioned calls and text messages were all made seeking to solicit the Plaintiff to use the Defendant in the sale of a home, as well as ancillary real estate services.

34.    Plaintiff did not recognize Blue Pacific, is (and was) not selling any home, and was not looking to sell her home. In fact, the Plaintiff does not own a home.

35.    Moreover, Plaintiff does not own the home referenced in the text messages and calls and never did.

36.    Defendant's website, https://bluepacificre.com/, explains that Defendants are real estate agents.

37.    The aforementioned website also advertises numerous services typically offered of real estate agents, as well as homes for sale.

38.    Defendant sells its services by telephone and text messages and is compensated for its services as all other real estate agents: after providing services to facilitate the transaction, receiving a commission based on the sales price.

Complaint                                    6

39.     The purpose of the calls at issue were to advertise and to market Defendant's real estate services.

40.     The purpose of the calls was sent to solicit the Plaintiff to sign up for the Defendant's products and services.

41.     The calls therefore constituted unlawful telemarketing.

42.     The calls were unwanted.

43.     The calls were nonconsensual encounters.

44.     Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls.

45.     Plaintiff never provided her consent or requested the calls.

46.     Plaintiff and the Class have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, battery life, wear and tear, and bandwidth, rendering them unavailable for legitimate communication, including while showering, getting ready for work, driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

47.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

48.     Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23 and Oregon Local Rule 23-2.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant promoting Blue Pacific's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

49.    Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

**50.    Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

51.    **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

52.    **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

53.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

a.    whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b.    whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls and;

c.    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

54.    **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  There are hundreds of Class members, such that joinder of all members is impracticable.

55.    In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a.    The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.    Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d.    Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

56.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

57.     It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

58.     Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

59.     These violations were willful or knowing.

60.     As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

61.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully requests that the Court enter judgment against Defendant for:

A.     Certification of the National DNC Class as alleged herein;

B.     Appointment of Plaintiff as representative of the Class;

C.      Appointment of the undersigned as counsel for the Class;

D.      Damages to Plaintiff and members of the National DNC Class pursuant to 47 U.S.C. § 227(c)(5);

E.      Injunctive relief for the Class, pursuant to 47 U.S.C. § 227(c)(5) preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry;

F.      Attorneys' fees and costs, as permitted by law; and

G.      Such other or further relief as the Court deems just and proper.


## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

RESPECTFULLY SUBMITTED AND DATED this 27th day of February, 2025.


s/Andrew Roman Perrong
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class

s/Anthony Paronich
Anthony Paronich, Mass. BBO No. 678437
(*Pro Hac Vice* Forthcoming)
anthony@paronichlaw.com
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
617-485-0018
Attorney for Plaintiff and the Proposed Class